**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DERRICK J. HARRELL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV136 LMB |
| | ) | |
| **JOE STEWART, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Derrick Harrell (registration no. xxx-xx-5478), an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay any part of the filing fee. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $0.00, and an average monthly balance of $0.00. Accordingly, the Court will not assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff alleges that defendants conspired to deprive him of his constitutional rights in violation of 18 U.S.C. §§ 241-242. Named as defendants are Joe Stewart (Police Officer, Kennett, Mo.), Aaron Waynick (same), William Midciff (same), Steven Sokoloff (Prosecutor, Dunklin County, Mo.), Ryan Becker (federal agent), Joe Gordon (same), Kevin Martin (same), Keith Sorrell (Assistant United States Attorney).

Plaintiff alleges that Stewart and Waynick violated his right to be free from unreasonable searches and seizures when they searched plaintiff and his property on February 3, 2005. Plaintiff alleges that Midciff and Sokoloff violated his rights because they upheld the search and seizure conducted by Stewart and Waynick.

Plaintiff alleges that Becker unlawfully arrested him. Plaintiff further alleges that Gordon, Martin, and Sorrell violated

his constitutional rights because they worked in concert with Becker.

## Discussion

**A.  Criminal Charges Under 18 U.S.C. §§ 241-42**

The Court lacks jurisdiction to compel investigation and prosecution of alleged criminal violations.  E.g., Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-82 (2d Cir. 1973).  Accordingly, to the extent that plaintiff seeks criminal charges against defendants, his complaint fails to state a claim upon which relief may be granted.

**B.  Prosecutorial Immunity**

Even if the complaint is construed liberally as an action under 42 U.S.C. § 1983 and Bivens, his claims against Sokoloff and Sorrell fail because they are entitled to prosecutorial immunity. White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1980).

**C.  Conclusory Allegations**

The complaint is legally frivolous because it contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for granting relief.  Additionally, the United States is currently prosecuting plaintiff for being a felon in possession of firearms in a criminal proceeding before this Court.  The frivolous nature of the instant complaint makes it clear that plaintiff is seeking to retaliate against the officers and prosecutors involved in his criminal case.  As a result, the

Court finds that the complaint is both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 8th day of December, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**